## BRIBERY OF CLERK OF A CITY BOARD.

### BARKER v. THE STATE OF OHIO.

69 Ohio State—Decided, October 13, 1903.

*An Accountant of City Board of Revision—Is an Employe of an Officer—Within Meaning of Section 6900, Revised Statutes—Acceptance of Bribe—Criminal Law.*

An accountant employed by a board of revision of a city, constituted of the mayor, president of council, and city solicitor, is an employe of an officer within the meaning of Section 6900, Revised Statutes, and may be punished, by virtue of said section, for accepting a bribe given for the purpose of influencing him with respect to his duty as such accountant.

Error to the Circuit Court of Erie County.

The facts are sufficiently stated in the opinion.

*Grayson Mills* and *W. B. Starbird,* for plaintiff in error.

*J. M. Sheets,* Attorney-General, and *Roy H. Williams,* Prosecuting Attorney, for defendant in error.

SPEAR, J.; BURKET, C. J., DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The plaintiff in error, Barker, was indicted by the grand jury of Erie county, under Section 6900, Revised Statutes, for soliciting and receiving a bribe. On trial he was convicted of accepting a bribe, and sentenced to two years' imprisonment in the penitentiary and to pay costs, which judgment was affirmed by the circuit court.

The above named action, among other things, provides that * * * "whoever, being * * * a state or other officer, or public trustee, or agent or employe * * * of such officer or trustee, either before or after his election, qualification, appointment, or employment, solicits or accepts any such valuable or beneficial thing to influence him with respect to his official duty or to influence his action, vote, opinion, or judgment, in any matter pending, or that might legally come before him, shall be imprisoned in the penitentiary," etc.

The indictment charged the defendant with "being then and there the agent and employe of certain officers of the city of Sandusky, to-wit, the mayor, president of the board of council-

men, and solicitor of the said city of Sandusky, the said officers then and there being and constituting the duly organized and acting board of revision of the said city of Sandusky," and, in his said capacity, accepting a bribe from one Miller, theretofore · the clerk of the city, for the purpose and with the intent of influencing him in favor of Miller with respect to his (Barker's) action and judgment in a matter then legally pending before him as said agent and employe concerning Miller's accounts with the city, etc.

It is insisted by counsel for plaintiff in error that the conviction is wrong because the action of Barker in receiving a bribe to influence his conduct, however immoral and blameworthy, is not after all one of the offenses embraced in the terms of the statute, because Barker was not an employe of an officer, the board of revision not being officers. If this contention is correct it is fatal to the judgment. The real question is, therefore, were the members of the board of revision officers within the meaning of Section 6900 of Revised Statutes? We are not embarrassed by the fact that the indictment describes the board as "officers" while the statute uses the term "officer," because Section 6794, Revised Statutes, permits the use of the plural for the singular and *vice versa* in the criminal code. The situation is the same, therefore, as though the statute had used the word "officers."

The board of revision is constituted and its duties defined by Sections 1720, 1720a, and 1720b, Revised Statutes, which provide in substance that the mayor, president of the board of councilmen, and the solicitor of the corporation, shall constitute a board of revision which shall meet as often as once in every month to review and investigate proceedings of the council and of all other departments of the corporation government, with the duty to report to the council any and all irregularities which may be discovered in any of the departments, or in the acts of any of the officers or employes of any of the departments, and with the power to send for persons and papers, issue subpœnas and enforce the attendance of witnesses, and examine them under oath; and it is made the duty of all constables, police officers, and other persons deputized by the chairman, to serve subpœnas and other process of the board. The board is also authorized to employ competent accountants to examine books, papers, con-

tracts or other writings connected with any investigation. Also
to prescribe forms of books, accounts, reports and other methods
of accountability for the different departments, and formulate
and enforce such a general and manifest system of accounting as
will secure the most rigid accountability for the funds and prop-
erty of the corporation, etc. Beyond this when the board has
provided a system of accounting for any officer or department
as herein provided, such system shall take the place of and be
substituted for any manner of accounting for such department
or officer now provided by law, and any officer of the corporation
who refuses to accept and adopt the system of accounting pre-
scribed by the board in accordance with the provisions of the
sections cited, and shall be subject to removal upon complaint
filed with the probate judge.

It must be apparent to the careful reader that this board is
not a mere committee akin to the committees appointed by the
probate judge to examine the county treasury, or by the common
pleas to examine the accounts of the county commissioners, or
the citizens appointed by the same court to act with county
officers in the construction of a court house, as is contended by
counsel for the accused, but that the men constitute a board
having duration of service, clothed with authority during that
service to exercise public functions in the interest of the people
of the municipality, with power to employ assistants and pro-
vide for expending money in compensating them, and with
power to enforce against others their will with respect to the
proper discharge of those functions, and to enforce also their
orders regarding the conduct of others in the employ of the
municipality in respecting and obeying orders of the board. It
is true that the board does not appear to be made a quasi cor-
poration, as some boards are; nor is there attached to the duty
any emolument. But neither of these characteristics is an
essential element in the constitution of an office (*State* v. *Bren-
nan*, 49 Ohio St., 33). The most essential characteristic is pres-
ent, viz., ''that the incumbent, in his independent capacity, is
clothed with some part of the sovereignty of the state to be
exercised in the interest of the public and required by law,''
and that the duties are of a continuous character as opposed to
a mere temporary employment (*State, ex rel*, v. *Halliday*, 61
Ohio St., 171). On the face of things it would appear that it is

not an unreasonable contention to insist that this board had authority as such to employ the accused, and that such employment would be an employment by a board of officers, and that the person thus employed would come within the purview of the section of the statute heretofore quoted.

But it is insisted that there is evidence in the criminal statutes to show that where the Legislature has intended to include boards of officers within the sections of any statute that body has plainly said so, and Sections 6842, 6846, 6969. 6970, 6975, and 6975a are cited. An examination of these sections shows that except the last named, they relate to the punishment of offenses other than that of bribery, and Section 6975a is confined to the offering or receiving of a bribe for recommending text books, and to the employment by a school director or member of a board of education of a father or brother as teacher, and to the accepting by such director or member of any reward for any official act. These provisions, we think, are properly to be treated as covering only the specific subjects enumerated, and not as expressing the entire legislative purpose on kindred subjects.

It seems unnecessary to pursue this inquiry farther because there is another view which, to our minds, appears to effectually dispose of the objection. Where two or more persons are organized and act together by virtue of law in the performance of public duties they are said to constitute a board, and they may or may not become officers thereby, depending upon their powers and the character of the duties enjoined upon them; and where persons who are already officers are clothed with joint duties of a public character they are properly classed as a board of officers, and their joint action will ordinarily be treated as the action of a board, yet, in the latter case, where the powers given and the duties imposed do not constitute the members officers, they do not thereby lose their official character because of such joint association and action. They remain officers notwithstanding. The mayor in the present instance continued to be mayor, the president of the council remained such president and the solicitor was still the law officer of the municipality; and whether we conclude that the members of the board, while acting as such were by virtue of such relation, officers within the meaning of the statute or not, nevertheless they were officers having

attached to their several offices the further duties prescribed by the sections of the statute heretofore cited, and it would follow, as we think clearly, that an employe appointed by them jointly by virtue of the power given by the statute would be. . an employe of such officers.

We are quite aware that the rule of law and of this court is that a statute defining an offense is not to be extended by construction to persons not within its descriptive terms, yet it is just as well settled that penal provisions are to be fairly construed according to the expressed legislative intent, and mere verbal nicety or .forced construction is not to be resorted to in order to exonerate persons plainly within the terms of the statute. Applying these terms we are of opinion that whether the three members are to be regarded as officers constituted such by reason of their organization as a board, or whether the authority is to be held to rest in the mayor, president of council and solicitor as such, and the board's duties to be regarded simply as additional duties attached by statute to their other duties and powers, Barker was, within the terms of the statute, in the employ of the officers named when he accepted the bribe as charged in the indictment, and that the judgment below should be

*Affirmed.*